UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STACY BERNARD WATKINS, SR.,

                    Plaintiff,

         v.                              Case No. 18-cv-542-pp

NICHOLAS WELCH, *et al.*,

                    Defendants.

## ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), AND SCREENING AND DISMISSING THE COMPLAINT (DKT. NO. 1)

The plaintiff, who is in custody at the Waukesha County Jail, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens and dismisses his complaint, dkt. no. 1.

## I. THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (Dkt. No. 2)

The Prison Litigation Reform Act ("PLRA") applies to this case, because the plaintiff was in custody when he filed the complaint. 28 U.S.C. §1915. The PLRA allows an incarcerated plaintiff to proceed with a lawsuit in federal court without pre-paying the full civil case filing fee so long as he pays an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the plaintiff can pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

The court ordered the plaintiff to pay an initial partial filing fee of $32.65. Dkt. No. 4. The court received that fee on April 27, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    SCREENING OF THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)

### A.    Standard for Screening Complaints

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss a case, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions unsupported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.    Facts Alleged in the Complaint

On December 8, 2017, the plaintiff and his "companions" were involved in a traffic stop which resulted in a car accident; they were taken into custody by Pewaukee Police Department Officers Nicholas Welch and Kerry Corrus, who took them to Waukesha Memorial Hospital to be treated for minor cuts and bruises. Dkt. No. 1 at 2.

At the hospital, Welch ordered the plaintiff to undress down to underwear and gave him a hospital gown, which the plaintiff put on while in the emergency room. Id. Nurse Jane Doe showed up, and checked the

plaintiff's vital signs, listening with her stethoscope. Id. at 2-3. "[W]ithout warning or permission, Jane Doe slid her right hand under [the plaintiff's] hospital gown and quickly inside [his] underwear, then touched [his] penis and [his] scrotum with her hand." Id. at 3. The plaintiff says that he felt violated, and responded by saying, "Hey, what are you doing putting your hand in my underwear?!" Id. He says that Nurse Jane Doe did not answer him, but turned to Welch and said "[h]e does have something in his underwear, Officer." Id. She then quickly left the room. Id.

The plaintiff argues that "a genital examination was unnecessary for a vitals check and did not coincide with [his] reported injuries;" he notes that he had reported no injuries to his groin. Id. He states that Nurse Jane Doe made unwanted sexual contact with his genitals. Id. For relief, the plaintiff seeks criminal prosecution, sentencing and restitution of at least $200,000 for pain and suffering. Id. at 4.

C.    Legal Analysis of Alleged Facts

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the deprivation was committed by a person or persons acting under color of state law.  Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

It appears that defendants Nicholas Welch and Kerry Corrus were law enforcement officers with the Pewaukee Police Department. Dkt. No. 1 at 2. The

plaintiff alleges that this two officers drove him to the hospital, and that Officer Welch ordered him to undress and put on a hospital gown. These are the only allegations the plaintiff makes against the two officers. There is nothing unconstitutional about driving an injured person to the hospital, or instructing that person to put on a hospital gown. The plaintiff has not stated claims against Welch or Corrus, and the court will dismiss them as defendants.

Next, the plaintiff names as defendants "John Doe" and "Jane Doe." Other than naming "John Doe" on the first page of his complaint as a defendant, the plaintiff does not say anything else about "John Doe"—he does not explain who John Doe was, or what John Doe did. The court will dismiss John Doe as a defendant.

The plaintiff says that Jane Doe, a nurse at Waukesha Memorial Hospital, put her hand under his hospital gown and touched his genitals for no reason. Section 1983 prohibits a person acting "under color of state law" from violating a person's constitutional rights. Usually, courts consider a person to be acting "under color of state law" when that person is a government officer. Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 628 (7th Cir. 1999). A nurse working at a private hospital, such as Waukesha Memorial, is not a government officer. Courts have held private persons responsible as "state actors," however, when "the state effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision," or when the "state delegates a public function to a private entity." Id. (citations omitted).

Here, the plaintiff has not alleged that a state actor directed Nurse Doe to search him (or touch him inappropriately), nor has he alleged that any state actors were controlling her actions. That Nurse Doe told Officer Welch that the plaintiff had something in his underwear does not show that she was acting at Welch's direction, or under his control.

Nor is it clear what constitutional right the plaintiff believes Nurse Doe violated. If he is alleging that she committed some form of sexual assault against him, he alleges a violation of state law, not the Constitution. If he is alleging that she searched him in violation of the Fourth Amendment (and the plaintiff does state that Doe made an "illegal search," dkt. no. 1 at 4), the plaintiff has not shown that she was acting at the direction of a state actor; the Fourth Amendment prohibits *the government* from conducting unlawful searches and seizures, not private citizens.

The plaintiff has not stated a claim against Nurse Doe, and the court will dismiss her as a defendant.

Finally, the plaintiff has named Waukesha County and "Pewaukee County" as defendants. There is no "Pewaukee County" in Wisconsin; the *city* of Pewaukee is in Waukesha County. If the plaintiff meant to sue Waukesha County and the City of Pewaukee, the plaintiff has failed to state claims against either. Section 1983 prohibits a "person" acting under color of state law from violating someone's constitutional rights. Neither Waukesha County nor the City of Pewaukee is a "person." A municipality *can* be liable under §1983, *if* the plaintiff can show that the plaintiff was deprived of his constitutional rights

because of the municipality's official "policy or custom." <u>Monell v. Dept. of Social Servs. of City of N.Y.</u>, 436 U.S. 658, 694-95 (1978). Although the plaintiff names the two municipalities as defendants, he alleges no official policy or custom of either entity that allegedly deprived him of his constitutional rights. The court will dismiss the two municipalities as defendants.

## III.     MOTION TO APPOINT COUNSEL (DKT. NO. 6)

Because the complaint fails to state a claim against any of the defendants, the court must dismiss the complaint. The court will deny the plaintiff's motion to appoint counsel as moot, because there is no case for any lawyer to pursue. Dkt. No. 6.

## IV.     CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the **$317.36** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forward payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must identify the payments by the case name and number.  The court will send a copy of this order to the officer in charge of the agency where the plaintiff is in custody. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution must forward

a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **DENIES** the plaintiff's motion to appoint counsel as moot. Dkt. No. 6.

The court **DISMISSES** this case under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), because the complaint fails to state a claim for which the court can grant relief. The court will enter judgment accordingly.

The clerk of court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

In some cases, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to review closely all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of July, 2018.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge